1                       UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF MICHIGAN
2                            NORTHERN DIVISION

3    UNITED STATES OF AMERICA,        .     Case No. 11-20574
                                      .
4             Plaintiff,              .
                                      .
5             v.                      .     Bay City, Michigan
                                      .     September 6, 2012
6    JEFFREY PAUL SCHUETT,            .
                                      .
7             Defendant.              .     (Hon. Thomas L. Ludington)
                                      .
8    . . . . . . . . . . . . . . .    .

9

10                            GUILTY PLEA
                  BEFORE THE HONORABLE CHARLES E. BINDER
11                  UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Government:            LIBBY KELLY DILL
                                    ASSISTANT U.S. ATTORNEY
14                                  101 First Street, Suite 200
                                    Bay City, MI  48708
15                                  (989) 895-5712

16   For the Defendant:            JUDITH S. GRACEY
                                    ATTORNEY AT LAW
17                                  2055 Orchard Lake Road
                                    Sylvan Lake, MI  48320
18                                  (248) 338-7800

19   Court Recorder:               Jean Broucek
                                    (989) 894-8821
20
     NOT PRESENT:
21
     Court Transcriber:            Karin Dains
22                                  (248) 914-0666

23

24   Proceedings recorded by digital sound recording; transcript
     produced by transcription service
25

United States of America
September 6, 2012

1                          TABLE OF CONTENTS

2               PROCEEDINGS – Thursday, September 6, 2012

3                                                            PAGE

4   Preliminary Questions by the Court                        3

5   Remarks by Defense Attorney                               4

6   **JEFFREY PAUL SCHUETT, DEFENDANT, SWORN**                8

7        Examination by the Court                             8

8        Government's Summary of Rule 11 Plea Agreement      12

9        Examination Continuing by the Court                 15

10  The Court's Findings                                     21

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Karin Dains – Court Transcriber*

1                              Bay City, Michigan

2                              Thursday, September 6, 2012

3                              At about 10:14 A.M.

4                          -      -      -

5        (Call to order of the court)

6            THE COURT:  This is the case of United States

7    versus Jeffrey Schuett, Case Number 11-20574.

8            The defendant is present with counsel.

9            I have received a Consent to Enter Guilty Plea

10   signed by the defendant and all counsel, an Order of

11   Reference for the Taking of a Plea from United States

12   District Judge Ludington, and a Rule 11 Plea Agreement in the

13   matter.

14           May I, first of all, have defense counsel's

15   appearance?

16           MS. GRACEY:  Yes.  Good morning, your Honor.

17   Judith Gracey on behalf of Mr. Schuett, who stands to my

18   right.

19           THE COURT:  Thank you.

20           You are Jeffrey Schuett.  Is that correct?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  From these documents, it appears that

23   you wish to enter a plea of guilty to some charges; and from

24   this consent, it appears that you're willing to waive the

25   right that -- to have this plea taken and considered by the

*United States v. Paul Schuett*
*September 6, 2012*

1  United States District Judge.  You're willing to have this

2  plea taken and considered by me today.  Is that correct?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Now, it appears that you signed this on

5  a couple of occasions; most recent was late last month.  Do

6  you remember signing this consent?

7          THE DEFENDANT:  Yes, I do, your Honor.

8          THE COURT:  Do you stand by what you signed at that

9  time?

10          THE DEFENDANT:  Yes, I do, your Honor.

11          THE COURT:  All right.

12          Ms. Gracey, any objection to my swearing the

13  defendant?

14          MS. GRACEY:  No, Judge, but before the Court

15  begins, I just want to make a record as it relates to

16  Mr. Schuett's decision to want to enter a plea of guilty to

17  the Rule 11 Plea Agreement.

18          Negotiations have been ongoing between myself and

19  the assistant U.S. attorney regarding this matter.  I

20  presented to Mr. Schuett some time ago, as the Court had

21  already noted -- back in January of 2012, there was a Rule 11

22  that was submitted, and Mr. Schuett was considering that

23  Rule 11 but at that time did decide that he would reject and

24  not take that offer of the Rule 11 at that time.

25          Since then or subsequent to that, Mr. Schuett and I

1  have had continuous discussions regarding the disposition of

2  this case as well as a suppression hearing that was held, I

3  believe it was three days, before Judge Ludington.

4  Judge Ludington did render an opinion denying the motion to

5  suppress in this matter.  Mr. Schuett, upon receiving that,

6  had concerns and wanted to perhaps attempt to try and

7  preserve his right to appeal as it related to the ruling on

8  the Rule -- on the suppression hearing.

9         We had further discussions, both in writing, in

10  person, and on -- on the phone as late as August 29th, 2012,

11  as the Court has already noted, when he signed the consent to

12  have this matter held to enter the guilty plea before your

13  Honor, a United States Magistrate Judge.

14         We have discussed this matter -- Mr. Schuett and

15  myself -- and I then had further negotiations with Assistant

16  U.S. Attorney Craig Wininger on this matter, and there was a

17  resolution that was agreed upon by Mr. Schuett.

18         I just want the record to be clear.  I know that

19  the Rule 11 will bear that out, but I want the record to be

20  clear and Mr. Schuett to be clear on -- on the record that he

21  understands that we had asked the U.S. Attorney's Office to

22  enter into a Rule 11 Plea Agreement which preserved

23  Mr. Schuett's right to appeal.  However, that was rejected by

24  the United States Attorney's Office.  However, the Rule 11 as

25  we had had it originally was amended, and there were

1  additional -- there was additional information that was

2  placed in the Rule 11.

3          Mr. Schuett has his copy of the proposed Rule 11 in

4  this matter that he has executed, and I just want the record

5  to be clear, as well as Mr. Schuett on the record, that you

6  understand, Mr. Schuett, that the U.S. Attorney's Office and

7  I did communicate that with you sometime on -- on August the

8  29th when we were last in court, that in fact that was

9  rejected, and you understand by signing this Rule 11 -- and

10 the magistrate will go over the pertinent parts of the Rule

11 11 with you -- that you understand that that is not

12 preserved, and once you enter into this Rule 11, that you

13 will not have the right to appeal as it relates to the

14 suppression hearing.  Do you understand that?

15         THE DEFENDANT:  Yes, I do.

16         MS. GRACEY:  And we've talked about this on

17 numerous occasions.  Is that correct?

18         THE DEFENDANT:  That is correct.

19         MS. GRACEY:  And you do understand that the only

20 way that you could have possibly appealed the ruling as it

21 related to Judge Ludington's opinion regarding the

22 suppression hearing would be to take this matter to trial.

23 Do you understand that?

24         THE DEFENDANT:  Yes, I do.

25         MS. GRACEY:  However, you've opted -- after

1 considering all of the ramifications, that you've opted not

2 to go to trial on this matter.  Is that correct?

3         THE DEFENDANT:  That is correct.

4         MS. GRACEY:  And it is your decision and you're

5 doing it freely and voluntarily.  Is that correct?

6         THE DEFENDANT:  I am.

7         MS. GRACEY:  And the added information regarding

8 the Rule 11 where the government would agree to recommend

9 that your sentence run concurrent with your state court

10 sentence, your parole violation -- you understand that that

11 was added to your Rule 11.

12         THE DEFENDANT:  I do.

13         MS. GRACEY:  Okay.

14         So, Judge, I just wanted that to be clear for

15 Mr. Schuett because I know that that's been an -- an ongoing

16 issue, and I wanted to make sure that he was clear before

17 your Honor, that I am prepared to go to trial on this matter,

18 but based on his decision as well as my counsel, that this

19 would appear to be the best option for him.

20         And is that correct, Mr. Schuett?

21         THE DEFENDANT:  That is correct.

22         MS. GRACEY:  With that being said, Judge, I am

23 ready for the Court to swear my client in.

24         THE COURT:  All right.  Very well.

25         Mr. Schuett, would you raise your right hand,

1  please?

2      (At about 10:21 A.M.)

3              **JEFFREY PAUL SCHUETT, DEFENDANT, SWORN**

4          THE COURT:  All right.  Thank you.

5                      **EXAMINATION**

6  BY THE COURT:

7  Q.   May I have your full name for the record, please?

8  A.   Jeffrey Paul Schuett.

9  Q.   How old are you?

10 A.   Thirty-one.

11 Q.   How far have you gotten in school?

12 A.   I have college.

13 Q.   All right.  Have you -- have you had any trouble

14 understanding all the conversations and documents and all of

15 that that have gone back and forth between you and

16 Ms. Gracey?

17 A.   No, I have not.

18 Q.   All right.

19          Are you under the influence of any medications or

20 anything that would give you trouble in understanding what's

21 going on today?

22 A.   No, I am not.

23 Q.   Are you under the care of a doctor for any medical

24 conditions that would have an impact on your ability to

25 understand today's proceeding?

1  A.    No, I do not.

2  Q.    All right.

3          THE COURT:   Counsel, the record should reflect,

4  then, my view that the defendant, first of all, is competent

5  to tender a plea.   Do the attorneys agree?

6          MS. GRACEY:   Yes, your Honor.

7          MS. DILL:   Yes, sir.

8          THE COURT:   All right.

9  BY THE COURT:

10  Q.    Mr. Schuett, you are charged in Count One of an

11  indictment with felon in possession of a -- previously

12  convicted felon in possession of a firearm.   Do you

13  understand this charge?

14  A.    Yes, I do, your Honor.

15  Q.    The charge is a -- a felony.   The maximum penalties are

16  at least fifteen years of imprisonment with as much as life

17  imprisonment followed by as much as five years of supervised

18  release, a form of probation, and you could face fines of up

19  to two hundred and fifty thousand dollars.   Do you understand

20  that?

21  A.    Yes, I do, your Honor.

22  Q.    Now, Ms. Gracey has been representing you throughout, it

23  sounds like.

24  A.    Yes, sir.

25  Q.    Okay.   It's pretty clear that you and she have had

1  multiple conversations about the case.

2  A.   Yes, your Honor.

3  Q.   Are you satisfied with her advice and with her service?

4  A.   Yes, I am, your Honor.

5  Q.   Good.

6         As you likely know, if your guilty plea is

7  accepted, you will be giving up many important rights, and --

8  and it is clear to me that Ms. Gracey explained to you the

9  fact that everyone charged with an offense has the right to a

10  trial to determine if in fact they are guilty, and this Rule

11  11 agreement tells me that you're willing to give up your

12  right to have a trial and everything having to do with a

13  trial.  Do you understand this?

14  A.   Yes, I do, your Honor.

15  Q.   Specifically, you're giving up your right to plead not

16  guilty and have a trial in the first place.  Do you

17  understand this?

18  A.   Yes, I do, your Honor.

19  Q.   You're giving up your right at a trial to be presumed

20  innocent and your right to require that the government prove

21  you guilty and guilty beyond a reasonable doubt and guilty of

22  every element -- that is, every part -- of the charge.  Do

23  you understand this?

24  A.   Yes, I do, your Honor.

25  Q.   You're giving up your right through Ms. Gracey to

1  question and cross-examine and probe and test the witnesses

2  the government would bring against you.  Do you understand

3  this?

4  A.   Yes, I do, your Honor.

5  Q.   You're giving up your right to have the Court order

6  witnesses that you might need for your defense to come

7  forward and testify.  Do you understand this?

8  A.   Yes, I do, your Honor.

9  Q.   You're also waiving your right to remain silent during a

10 trial and not have your silence used against you, because in

11 this case there would be no trial.  Do you understand this?

12 A.   Yes, I do.

13 Q.   All right.

14      At the same time, you're waiving your right to

15 testify at a trial if you wanted to testify, and if you did

16 testify, your testimony would be weighed with all the other

17 evidence.  Do you understand this?

18 A.   Yes, I do, your Honor.

19 Q.   And lastly, you are waiving your right -- your separate

20 right to have a lawyer for the trial, and if you could not

21 afford one, one would be appointed for you at government

22 expense.  Do you understand this?

23 A.   Yes, I do, your Honor.

24 Q.   Now, in addition to your rights having to do with a

25 trial, it is entirely likely that as a result of this plea,

1   you will lose what we call civil rights:  the right to hold

2   public office, the right to serve on a jury; if you are sent

3   to jail, you would lose the right to vote while you're in

4   jail, and there is no doubt in this case that you will lose

5   the right to ever legally be around firearms again.  Do you

6   understand that?

7   A.   Yes, I do, your Honor.

8   Q.   Having in mind, then, both the trial rights and the

9   civil rights that we've talked about, you're willing to give

10  them up as part of this plea agreement.  Is that right?

11  A.   Yes, it is, your Honor.

12  Q.   Now, your -- I presume that your willingness to enter a

13  plea is because of what's in here in this Rule 11 agreement.

14  Am I right?

15  A.   Yes, your Honor.

16  Q.   All right.

17         THE COURT:  Ms. Dill, would you be so kind as to

18  summarize the agreement for the record, please?

19         MS. DILL:  Yes, your Honor.

20         Mr. Schuett will enter a plea of guilty to the sole

21  count of the indictment, which charges him with being a felon

22  in possession of firearm.

23         The elements are that prior to the date alleged in

24  the indictment, Defendant was convicted of a crime punishable

25  by imprisonment for a term exceeding one year.  On or about

1  the date alleged in the indictment, Defendant knowingly

2  possessed the firearm described in the indictment, and that

3  firearm possessed was in and affecting interstate commerce.

4          The parties agree to the factual basis provided on

5  page two of the Rule 11 agreement, as shown by Defendant's

6  signature on the -- the Rule 11 agreement itself.

7          Sentencing guidelines are as follows:  Defendant's

8  guideline range is determined to be one hundred and eighty to

9  two hundred and ten months.  We are recommending that

10  Defendant be -- receive a total of three acceptance-of-

11  responsibility points.  And regarding the imprisonment,

12  except as provided in the next sentence, pursuant to *Federal*

13  *Rule of Criminal Procedure 11(c)(1)(C)*, the sentence of

14  imprisonment in this case may not exceed the bottom end of

15  the guideline range as determined by paragraph 2B of this

16  agreement, which is a hundred and eighty-eight months.

17  However, the Court must impose a sentence of imprisonment on

18  Count One of at least fifteen years, because in this case

19  Defendant was deemed to be an armed career criminal.

20          A term of supervised release, if imposed, follows

21  the term of imprisonment.  The Court may impose any term of

22  supervised release up to the statutory maximum term, which in

23  this case is five years.

24          Defendant will pay a special assessment of a

25  hundred dollars, and the Court may impose a fine of up to two

1   hundred and fifty thousand.

2           Defendant agrees to forfeit the firearm named in

3   the indictment.

4           If the Court accepts this agreement, the government

5   will not bring additional charges against Defendant based on

6   the conduct reflected in the attached worksheets.

7           If the sentence imposed does not exceed the maximum

8   allowed by Part 3 of this agreement, Defendant waives the

9   right to appeal his conviction or sentence on any grounds.

10  If the sentence imposed is within the guideline range

11  determined by Paragraph 2B, the government agrees not to

12  appeal the sentence but retains its right to appeal any

13  sentence below that range.

14          Defendant understands that defendants generally

15  have a right to attack their convictions and sentences by

16  filing post-conviction motions, petitions, or independent

17  civil actions.  As part of this agreement, however, Defendant

18  knowingly and voluntarily waives that right and agrees not

19  contest his conviction or sentence in any post-conviction

20  proceeding, including but not limited to any proceeding under

21  28 U.S.C. 2255.

22          Your Honor, there is, obviously, more in this Rule

23  11 Plea Agreement, but I believe that encompasses the main

24  terms.

25          THE COURT:  All right.  Very well.

1          Ms. Gracey, with regard to the Rule 11 agreement,

2    anything more you'd wish to add for the record?

3          MS. GRACEY:  Just one question.  I believe Ms. Dill

4    misspoke when she said the guideline range being not to

5    exceed a hundred and eighty-eight; it's actually one hundred

6    and eighty months.

7          MS. DILL:  That's right.

8          THE COURT:  All right.

9          MS. DILL:  I'm sorry about that.

10          MS. GRACEY:  And also, it's stated in the Rule 11

11    but I want the record to reflect that also the government is

12    not -- is recommending that Mr. Schuett receive time credit

13    -- or, I -- let's put it this way, that the sentence should

14    run concurrently with the State of Michigan parole violation

15    sentence, and they agree to that as well.

16          THE COURT:  Any disagreement with that, Ms. Dill?

17          MS. DILL:  No, your Honor.

18          THE COURT:  All right.  Very well.

19          MS. GRACEY:  Other than that, Judge, I think the --

20    those are the pertinent parts that have been stated on the

21    record.

22          THE COURT:  All right.

23                    **EXAMINATION CONTINUING**

24    BY THE COURT:

25    Q.   Mr. Schuett, is this your understanding of the

*Karin Dains – Court Transcriber*

1  agreement?

2  A.    Yes, it is, your Honor.

3  Q.    Did you hear anything from the assistant U.S. attorney

4  just now that was different than your understanding?

5  A.    No, sir.

6  Q.    Have you been promised by the Court or by your lawyer or

7  the lawyer for the government that you will be put on

8  probation or receive a specific sentence in return for the

9  guilty plea?

10  A.    Just that what's in the -- the plea agreement, your

11  Honor.

12  Q.    All right.  In other words, nobody has promised you that

13  you're going to get put on probation.

14  A.    No, your Honor.

15  Q.    Nobody has promised you that you will definitely get

16  Sentence X, Y, Z.  Correct?

17  A.    No, your Honor.

18  Q.    All right.  Have -- has anybody promised you anything

19  that isn't in here in the Rule 11?

20  A.    No, sir.

21  Q.    Okay.  Has anybody used force or threats, violence to

22  try and make you plead guilty?

23  A.    No, sir.

24  Q.    All right.

25        These plea agreements are always complicated, got a

1   lot of big words and statutes and court rules and all of
2   that.  I need to boil down a couple of the key features to
3   make sure that you understand the consequences of your plea,
4   because, of course, with this plea you're admitting criminal
5   responsibility for this charge, and the first thing has to do
6   with an appeal.
7           We've already talked about aspects of it, but I
8   want to make sure that you understand that if you are
9   sentenced within the range that's said here and particularly
10  the minimum that's required by law, you will not be able to
11  appeal successfully what happens to you, ever.  Do you
12  understand that?
13  A.   Yes, your Honor.
14  Q.   You won't be able to appeal the sentence that you're
15  given or the decision on this motion to suppress that was
16  argued before Judge Ludington.  Do you understand that?
17  A.   Yes, I do, your Honor.
18  Q.   You won't be able to appeal it successfully right after
19  your sentence, and you will not be able to successfully
20  appeal later in what's called a collateral attack.  The
21  process is also called habeas corpus.  It's also called a
22  motion to vacate the sentence.  Any way you name it, those
23  will not be successful under this agreement.  Do you
24  understand that?
25  A.   Yes, I do, your Honor.

1  Q.   All right.

2          Now, there's also been discussion about the

3  sentencing guidelines here and how they impact with the

4  statutory minimum sentence that's -- that's required, but

5  what I want to make sure you understand is that all of this

6  -- all these calculations of sentencing guideline ranges and

7  applications of credits and things of that nature are

8  recommendations to Judge Ludington.  Do you understand that?

9  A.   Yes, I do, your Honor.

10 Q.   They do not bind him by law.  He can do what's called

11 depart.  He can do something different.  Do you understand

12 that?

13 A.   Yes, I do, your Honor.

14 Q.   Okay.  So at the risk of repetition, as of today nobody

15 knows what your actual sentence will be.  Do you understand

16 that?

17 A.   Yes, I do, your Honor.

18 Q.   Okay.  Are you pleading guilty voluntarily?

19 A.   Yes, I am.

20 Q.   This is an act of your own free will.

21 A.   Yes, your Honor.

22 Q.   Okay.  Tell me in your own words what you did that makes

23 you believe you're guilty of this charge of -- of felon in

24 possession of firearms.

25 A.   BAYANET, the narcotics enforcement team in Saginaw,

1  approached me, patted me down, and found a handgun in my

2  pocket.

3  Q.   Okay.   Now, it says here in the Rule 11 agreement that

4  this was a Walther semiautomatic pistol.   Is that right?

5  A.   Yes, it was, your Honor.

6  Q.   And it says here that you agree with the government that

7  this pistol was made outside of Michigan and brought in --

8  into Michigan across state lines.   Is that right?

9  A.   According to the ATF investigation, it is, your Honor.

10  Q.   Okay.   You don't disagree with that.

11  A.   No, sir.

12  Q.   Okay.

13        Now, it also says here that in 2000 -- in October

14  of 2000, you were charged with fleeing and eluding a police

15  officer in the third degree, and you were convicted and

16  sentenced on that charge.   Is that right?

17  A.   That is correct, sir.

18  Q.   Okay.   And then later in that same month, October of

19  2000, you were arrested -- you were charged, rather, with

20  assault with intent to commit great bodily harm less than

21  murder, and you were also convicted and sentenced on that

22  charge.   Is that right?

23  A.   That is correct, sir.

24  Q.   Okay.   And then in September of 2001, you were convicted

25  of unarmed robbery and -- and apparently sentenced on that

1  charge.  Am I correct?

2  A.   Yes, I was, your Honor.

3  Q.   Okay.  And it says here that all of these charges are

4  felonies within the meaning of the criminal code.  Do you

5  understand that?

6  A.   I do, sir.

7  Q.   Do you -- do you agree with that?

8  A.   I do agree with that, your Honor.

9  Q.   Okay.  Now, those convictions, according to the

10 agreement, give you what's called the status of armed career

11 criminal.  Do you understand that?

12 A.   Yes, I do, your Honor.

13 Q.   And that has impact on the calculations of the

14 guidelines that we've talked about before.  Do you understand

15 that?

16 A.   Yes, I do, sir.

17 Q.   Okay.

18          THE COURT:  Ms. Dill, do you have any further

19 questions relating to factual basis?

20          MS. DILL:  No, your Honor.

21          THE COURT:  All right.

22          Ms. Gracey, questions relating to factual basis.

23          MS. GRACEY:  No, Judge.

24          THE COURT:  All right.

25 BY THE COURT:

*Plea of Paul Schuett*
*September 6, 2012*

1  Q.   Mr. Schuett, we've talked about the charge; we've talked

2  about the penalty.  We've talked about the rights that

3  everyone has in our system when charged with a crime, and

4  we've talked about the rights that you say you're willing to

5  give up through this plea agreement, and we've talked about

6  my authority to proceed today.  So with all of this in mind,

7  it is appropriate now for me to ask you how you plead to this

8  charge of felony in -- excuse me -- felon in possession of a

9  firearm.  How do you plead, sir?

10 A.   Guilty, your Honor.

11 Q.   Do you understand the plea you're making?

12 A.   Yes, I do, sir.

13 Q.   Is -- are you making it voluntarily?

14 A.   Yes, I am.

15 Q.   All right.

16       THE COURT:  I find that the defendant is, first of

17 all, competent to tender a plea.  I find that the defendant's

18 plea was knowing and intentionally made and made after

19 consultation with counsel.  I find that the offense to which

20 the defendant is pleading is supported by an independent

21 basis in fact which contains each of the essential elements

22 of the offense.  I will therefore order the preparation of a

23 Presentence Investigation Report, and I will in addition

24 recommend to Judge Ludington that the defendant's plea be

25 accepted, that the defendant be adjudged guilty and have

1   sentence imposed subject to Judge Ludington's final review

2   and consideration of the plea agreement pursuant to Rule

3   11(c) of the *Rules of Criminal Procedure*.

4          Ms. Dill, are you satisfied with my compliance with

5   Rule 11?

6          MS. DILL:  I am, your Honor.

7          THE COURT:  Ms. Gracey, are you satisfied?

8          MS. GRACEY:  Yes.

9          THE COURT:  Very well.

10          Mr. Schuett, the next step of your case is the

11   sentencing process, and that begins with an interview between

12   yourself and a probation officer, with Ms. Gracey present.

13   After that, the officer prepares a Presentence Investigation

14   which will be used by Judge Ludington in his final decision

15   about the sentence.

16          Once that report is completed, two things will

17   happen.  You will, first of all, get the sentence for

18   sentencing from Judge Ludington's staff, and secondly, the

19   completion of the report begins a brief period within which

20   you and Ms. Gracey can object to the report, talk about

21   things you think they got wrong and add things you think they

22   missed, but your next court appearance will be your

23   sentencing.  Do you understand that?

24          THE DEFENDANT:  Yes, I do, your Honor.

25          THE COURT:  Ms. Dill, then at this stage, anything

1  further?

2          MS. DILL:  No, your Honor.

3          THE COURT:  All right.

4          Ms. Gracey, anything further?

5          MS. GRACEY:  Just one, your Honor.

6          THE COURT:  Sure.

7          MS. GRACEY:  I did meet with Mr. Burns from the

8  Probation Department --

9          THE COURT:  Ah.

10          MS. GRACEY:  -- regarding the presentence

11  investigation interview, indicating that I know it's

12  preferable that the interviews be done within seven days.

13  I'm respectfully asking the Court to allow the interview to

14  take place on September the 17th.

15          THE COURT:  Okay.

16          MS. GRACEY:  My schedule will not permit next week,

17  which would be the time frame that the interview should be

18  conducted.  Because originally we were going to handle this

19  matter two weeks ago, which would have opened up this week

20  for me, and because of the distance that I travel and my

21  schedule, I cannot fit it in next week, so I'm respectfully

22  asking the Court to waive those seven days.  I know that it's

23  not much of a delay, but I'm respectfully asking to allow me

24  to do it on the 17th.

25          THE COURT:  Ms. Dill, do you have any objection to

1  that?

2          MS. DILL:  No, your Honor.

3          THE COURT:  All right.

4          In light of the -- the brief delay engendered, I

5  find your request appropriate, Ms. Gracey, and -- and it is

6  granted.  Please communicate that to Probation as you need

7  to.

8          MS. GRACEY:  I will.

9          THE COURT:  All right.  Very well.

10          MS. GRACEY:  Thank you.

11          THE COURT:  Anything further, ma'am?

12          MS. GRACEY:  Nothing further.

13          THE COURT:  Very well.

14          The defendant remains in custody pending sentence,

15  and these proceedings are closed.

16          Thank you, counsel.

17          MS. GRACEY:  Thank you.

18          THE CLERK:  All rise.

19          Court is adjourned.

20      (Proceedings concluded at about 10:39 A.M.)

21                              -     -     -

22

23

24

25

*Karin Dains – Court Transcriber*

*U.S.A. v. Daniel Bogden*
*September 6, 2012*

1

2

3

4

5

6

7

8

9

10          I certify that the foregoing is a correct

11   transcript from the digital sound recording of the

12   proceedings in the above-entitled matter.

13

14

15   s/Karin Dains                    September 10, 2012

16   Karin Dains, Court Transcriber   Date Certified

17

18

19

20

21

22

23

24

25

*Karin Dains – Court Transcriber*