UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.              Case No.: 11-20574
                Hon. Thomas L. Ludington

JEFFREY PAUL SCHUETTE

    Defendant.
_____/

| CRAIG F. WININGER(P57058) | JUDITH S. GRACEY(P39766) |
|---|---|
| Assistant United States Attorney | Attorney for Defendant |
| 600 Church Street, Rm. 210 | 2055 Orchard Lake Road |
| Flint, MI  48502 | Sylvan Lake, MI  48320 |
| (586) 766-5032 | (248) 338-7800 |

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

  NOW COMES the Defendant, JEFFREY PAUL SCHUETTE, by and through his attorney, JUDITH S. GRACEY, and submits this Sentencing Memorandum regarding his sentencing scheduled for December 17, 2012, with all factors that this Honorable Court should consider in determining the type and length of sentence for Mr. Schuett.

  Defendant was charged with Felon in Possession of Firearm [18 U.S.C. §922(g)(1)] on September 14, 2011.  On October 14, 2011, the Defendant stood mute and entered a plea of not guilty at the Arraignment Hearing before the Honorable United States Magistrate Judge Charles E. Binder.  At the time of the Arraignment, the Defendant was in state custody for Violation of Probation.  However, as it related to bail, the Defendant consented to Federal Detention and remained housed in a state prison facility for convenience only.

  On September 6, 2012, the Defendant pled guilty to Felon in Possession of Firearm pursuant to a written Rule 11 Plea Agreement.  The Defendant's Federal guideline range is 180 to 210 months.

The Defendant humbly requests this Honorable Court adjust his federal sentence downward by deducting the number of months which the Defendant has served in the State's custody for the Violation of Probation starting October 14, 2011 which was the date Defendant was arraigned and detained on the Federal charge.

## I.  APPROPRIATENESS OF DEVIATING DOWNWARD BY DEDUCTING THE NUMBER OF MONTHS SERVED FOR STATE CONVICTION FROM  THE NUMBER OF MONTHS FROM THE FEDERAL SENTENCE TO BE IMPOSED.

In *United States v. Ross*, 219 F.3d592, 594-95 (7th Cir.2000), the Court vacated the sentence by "holding that the judge could adjust the defendant's federal sentence downward under §5G1.3(b), so long as the total time served in state and federal custody was not lower than the federal statutory minimum. *Id* at 594-95."   The Court further concluded that §924(e) "does not specify any particular way in which that imprisonment should be achieved, "*id*. At 595.   In computing the total term of imprisonment, the Court found that it could "be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment.   The total must equal or exceed the statutory mandatory minimum of 180 months."

The Court's interpretation of Ross's was recently reaffirmed in *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir.2010), when they again concluded that a judge applying §924(e) "could deduct that number of months from the federal sentence as long as the combined length of the state and federal prison sentences was not less than the federal statutory minimum." *Id.*  The Court further found that "It is §3584 that gives a sentencing court the discretion to impose a concurrent sentence, taking into consideration the factors set forth in §3553(a)."

As this Court is aware, in *United States v. Booker*, 543 U.S 220, 125 S. Ct. 738 (2005) the court held that the sentencing guidelines are only advisory and not mandatory.  *Booker* concluded by a 5-4 majority that the guidelines as applied violated a Defendant's Sixth

Amendment right to a jury by delegating the power to make factual findings that increased sentences to judges. Moreover, *Booker* stated that in addition to the sentencing guidelines, federal courts must also consider factors in 18 U.S.C § 3553(a) when determining the appropriate sentence. *United States v. Booker, 543 U.S. at 304-05, 125 S.Ct. at 767*. The primary directive as defined by Section 3553(a-f) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, and the need for the sentence imposed to comply with the purposes set forth in Section 3553(a)(2) which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training.

Therefore, the Court is required to review and follow the mandates of 18 U.S.C § 3553 which provides for the various factors to be considered by this Honorable Court.

## II. MITIGATING FACTORS

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant:

    The Defendant has a history of past convictions for violent offenses (as defined in the statute), and at the time of arrest was on Probation for a State Offense. As a result, he was arrested and subsequently charged for knowingly possessing and carrying a firearm after having been convicted of crime punishable by a term of imprisonment exceeding one year and was therefore found to be an armed career criminal pursuant to 18 U.S.C.

3

§924(e). Likewise, the State of Michigan found him in violation of the terms of his probation.

Defendant is 31 years old. He is a devoted father. He has two children who reside with their mothers. He remains in contact with both children. Defendant is extremely remorseful and has accepted full responsibility for his actions.

2. The Need for the Sentence Imposed

Defendant acknowledges that there is a need for a sentence to be imposed upon him and certainly recognizes the nature of his crime. The Defendant acknowledges his behavior and possession of a firearm while on probation was wrong. Defendant requests this Court take into consideration all factors, including Defendant's past history and current condition, and find that these factors offer great consideration for his sentence to be reduced by the number of months which he is serving for his State Violation of Probation matter for the possession of the firearm. Defendant held a Suppression hearing and testimony revealed that Defendant was only committing a civil infraction when he was stopped and searched by the task force. The Agents admitted that they were there to randomly stop individuals to check and see if they had illegal firearms, drugs, etc. Unfortunately, Defendant was at the wrong place at the wrong time with a firearm on his person. Defendant admits that he should not have been in possession of a firearm because he is ineligible to carry a gun. However, it is an undisputed fact that where the defendant lived was in a high crime area and he had the weapon for protection only. Defendant respectfully disagrees with the court's ruling regarding denying the Motion To Suppress. Defendant ultimately pled guilty and took responsibility for his actions. Defendant argues that this particular crime with its mandatory minimum sentence is extremely harsh given the facts of Defendant's case. Defendant respectfully asks this court to show mercy and deviate lower than the mandatory minimum sentence.

3. <u>The Kinds of Sentence Available</u>

   Defendant recognizes that a prison sentence is probable and requests this Court to exercise appropriate discretion. Nevertheless, Defendant respectfully asks this Honorable Court to impose a sentence that complies with 18 U.S.C. §924(e) and sentence Defendant sufficient but not greater than necessary.

4. <u>The Kinds of Sentence and the Sentencing Range Established.</u>

   As noted above, the proposed guidelines are not in dispute and a range of 180-210 months has been calculated. Nevertheless, Defense submits that his individual factors and nature of the offense can be satisfied by further downward departure by this Court.

5. <u>Any Pertinent Policy Statements</u>

   Defendant concedes that knowingly possessing and carrying a firearm after having been convicted of crime punishable by a term of imprisonment exceeding one year is wrong and that the Court may feel it necessary to impose some type of sentence as a matter of policy. The Defendant has fully cooperated with the government.

Defendant has acknowledged his wrongdoing in regard to the instant case and has accepted full responsibility for his actions. He understands that this Court shall impose a prison sentence and requests leniency as the Court deems appropriate considering the facts, circumstances, his cooperation and involvement in this case.

WHEREFORE, Defendant, JEFFREY PAUL SCHUETTE, respectfully requests that this Honorable Court grant his request for downward departure by adjusting his federal sentence downward by deducting the number of months which the Defendant has served in the State's custody for the Violation of Probation starting October 14, 2011.  Defendant further respectfully requests that this Honorable Court sentence him to a term of incarceration with the Bureau of Prisons which is lower than the mandatory minimum sentence of 180 months.

Respectfully Submitted,

/s/Judith S. Gracey____
judithsgracey@aol.com
Judith S. Gracey (P39766)
Attorney for Defendant
2055 Orchard Lake Road
Sylvan Lake, MI 48320
(248) 338-7800

Dated: December 11, 2012