UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JEFFREY PAUL SCHUETTE,

          Defendant.
_____/

NO. 11-20574

HON. THOMAS L. LUDINGTON
United States District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

On August 29, 2012, defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), with penalties provided in §924(e). (R.19: Plea Agreement). Defendant requested that this Court sentence him concurrently with the time he has served on a state court parole violation. (R.41: Defendants Sentencing Memorandum).

On December 3, 2001, defendant pleaded guilty to unarmed robbery in state court. (PSR §28). He was on parole for that offense when law enforcement authorities found him in possession of a firearm. (Id.). He was subsequently charged for possessing that firearm in federal court. (R. 1: Indictment). Defendant is subject to a statutory mandatory minimum penalty of 15 years, pursuant to 18 U.S.C. § 924(e). The mandatory minimum penalty must be imposed because defendant neither provided substantial assistance nor is he safety valve eligible, in accordance to 18 U.S.C. § 3553(f). The Sentencing Commission recommends that the imposition of a sentence for the instant offense run consecutively to the sentenced imposed for the revocation. USSG § 5G1.3(c), Application Note 3(C).

Defendant cited several cases from the Seventh Circuit that are factually different from defendant's situation. In Ross, the state court prosecuted defendant for residential burglary while the federal government prosecuted defendant for being a felon in possession of a firearm. *United States v. Ross*, 219 F.3d 592, 593 (7th Cir. 2000). Those charges arose out of the same incident. In *Cruz*, defendant served 18 months in state court for a drug charge that arose out of the same course of conduct as the federal drug conspiracy charge, and the district judge imposed the statutory minimum sentence of 10 years. *United States v. Cruz*, 595 F.3d 744, 745 (7th Cir. 2010). This case is different because the state and federal charges did not arise out the same course of conduct.

Defendant has an extensive criminal history, including serious violent crimes and a consistent pattern of probation and parole violations. The government does not believe the § 3553(a) factors warrant a variance and requests that this Court sentence defendant in accordance with the plea agreement.

                                                Respectfully submitted,

                                                BARBARA L. McQUADE
                                                United States Attorney

Dated: December 17, 2012              s/ Libby Kelly Dill
                                                Assistant United States Attorney
                                                101 First Street, Suite 200
                                                Bay City, MI  48708
                                                Ph: (989) 895-5712
                                                Fax: (989) 895 5790
                                                libby.dill@usdoj.gov
                                                P-71276

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on December 17, 2012, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Judith S. Gracey, Attorney for Defendant

                                    s/Libby Kelly Dill  
                                    Assistant United States Attorney  
                                    101 First Street, Suite 200  
                                    Bay City, MI  48708  
                                    Ph: (989) 895-5712  
                                    Fax: (989) 895 5790  
                                    libby.dill@usdoj.gov  
                                    P71276