United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

                         Criminal No. 11-20574

v.

                         Honorable Thomas L. Ludington
                         Magistrate Judge Patricia T. Morris

Jeffrey Paul Schuett (D-22),

    Defendant.

---

## Motion to Dismiss and Response to
## Motion to Vacate Sentence under 28 U.S.C. § 2255

---

Jeffrey Schuett's motion to vacate his sentence should be dismissed because (1) he explicitly waived his right to file a collateral attack as part of his plea agreement and (2) he did not file the motion within the one year statute of limitations provided in 28 U.S.C. § 2255(f)(1).

Even if Schuett had not waived his right to file a § 2255 motion and had filed a motion to vacate within the limitations period, he would not be entitled to relief because the record contradicts his claim that his

attorney made promises about his sentence that were not reflected in the plea agreement; he had no right to have a jury determine whether he was an armed career criminal; and the recent Supreme Court opinions that he relies on are not applicable to his case.

                                            Respectfully submitted,

                                            Barbara L. McQuade
                                            United States Attorney

                                            */s/ Patricia Gaedeke*
                                            Assistant U.S. Attorney
                                            211 W. Fort Street, Suite 2001
                                            Detroit, Michigan 48226
                                            Phone: 313-226-9516
                                            Patricia.Gaedeke@usdoj.gov

Date: August 12, 2014

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Jeffrey Paul Schuett (D-22),

    Defendant.

Criminal No. 11-20574

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## Brief in Support of Motion to Dismiss
## Motion to Vacate Sentence under 28 U.S.C. § 2255

## Background

Jeffrey Schuett was 31 years old and had attended at least some college at the time he entered his guilty plea. (R. 37: Plea Tr., PgID 198). He had had "multiple conversations about the case" with his appointed counsel before he entered his guilty plea and said he was

satisfied with her advice. (*Id.*, PgID 200). Schuett affirmed that he understood he was giving up his right to have a trial at which the government would have the burden of proving every element of the charge beyond a reasonable doubt. (*Id.*). The prosecutor explained that Schuett would be sentenced as an armed career criminal, requiring the court to impose a sentence of at least 15 years. (*Id.*, PgID 203). She then read aloud the two waiver provisions in the plea agreement—the waiver of appeal and the waiver of any post-conviction attack on the conviction or sentence. (*Id.*, PgID 204).

    After listening to summaries or readings of the salient provisions of the plea agreement, and hearing his own lawyer add that the government had agreed to recommend that the sentence be concurrent with his state probation violation, Schuett told the magistrate judge that nothing in those descriptions was different from his understanding of the plea agreement. (*Id.*, PgID 206). Schuett also responded that no one had made any promise to him that was not reflected in the written plea agreement and that no one had used force or threats to persuade him to plead guilty. (*Id.*) The magistrate judge then explained, again,

that under this agreement Schuett would not be allowed to appeal or to bring a collateral attack or petition for habeas corpus. (*Id.*, PgID 207).

The magistrate judge also asked Schuett about each of the three prior convictions that the plea agreement identified as violent felonies. (*Id.*, PgID 209–10). Schuett acknowledged that those felony convictions made him an armed career criminal. (*Id.*, PgID 210). The magistrate judge recommended that the district court accept Schuett's plea. (*Id.*, PgID 211–12; R. 35: Report and Recommendation, PgID 187–88). Schuett did not object to that recommendation or to the presentence report's conclusion that he was an armed career criminal. He did not tell the district court at any time before his conviction was final what he claims now in his motion to vacate—that his attorney had threatened to withdraw unless he pleaded guilty and that his attorney had misrepresented the terms of the plea agreement.

# Argument

**I.     Schuett's knowing and voluntary waiver of his right to collaterally attack his conviction by filing a motion under 28 U.S.C. § 2255 should be enforced.**

The plea agreement in this case contained an explicit waiver of the right to file a motion to vacate sentence:

> (2) Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255.

(R. 33: Plea Agreement, PgID 174). Such waivers are enforceable, even when a defendant claims ineffective assistance of counsel, if the waiver was knowing and voluntary. *Davila v. United States*, 256 F.3d 448, 451–52 (6th Cir. 2001).

Schuett pleaded guilty before a magistrate judge on September 6, 2012. (R. 31: Consent, PgID 164; R. 37: Plea Tr., PgID 211). The plea agreement capped Schuett's sentence at the mandatory minimum for an armed career criminal (15 years) and provided that the prosecution would recommend that the sentence run concurrent with Schuett's state

probation violation term. (R. 33: Rule 11 Agreement, PgID 170). His attorney noted for the record that the plea negotiations had been lengthy and that, while the prosecution refused to agree to a conditional plea that would preserve Schuett's right to appeal the denial of a motion to suppress, it had agreed to recommend that Schuett's sentence on this charge run concurrent with his state probation violation term. (R. 37: Plea Tr., PgID 194–97).

Schuett's pro se motion to vacate sentence does not even acknowledge the waiver provision in the plea agreement, much less provide an argument why it should not be enforced. Instead, he asserts that *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), is "retroactively applicable to cases pending on collateral review." (R. 47: Petition at 4.1). But *Lafler v. Cooper*, which involved a claim that ineffective assistance of counsel led to the *rejection* of a plea offer, was decided in March 2012, six months before Schuett pleaded guilty. And it sheds no light on Schuett's claim of his attorney's "deceit regarding the terms and conditions of the plea agreement." (R. 47: Petition at 4.1).

Schuett's claim of "deceit" appears to be, specifically, a claim that his attorney promised him "a capped sentence of 10-years." (*Id.* at 4.1,

5

4.2). But that is directly contradicted by the written plea agreement, which provides that the court "**must** impose a sentence of imprisonment on count one of at least 15 years." (R. 33: Rule 11 Agreement, PgID 170) (emphasis in original). During the plea hearing, Schuett affirmed that he was familiar with the terms of the plea agreement and the terms were explained again in detail. He answered that his lawyer had not promised him anything about the sentence he would receive that was not in the plea agreement. (R. 37: Plea Tr., PgID 206). Nor did he say, when asked about any other threats or promises, that his attorney threatened to withdraw from the case unless he pleaded guilty. (*See Id.*). He cannot be heard now to allege facts inconsistent with his sworn testimony at the plea hearing.

## II.     Schuett did not file this motion to vacate sentence within one year of the date that his conviction became final.

Under 28 U.S.C. § 2255(f)(1), a motion to vacate sentence must ordinarily be filed within one year of the date on which the judgment of conviction becomes final. Schuett's judgment was entered on December 19, 2012. (R. 44). His conviction became final within the meaning of the Anti-Terrorism and Effective Death Penalty Act when the time for filing a notice of appeal expired. *Sanchez-Castellano v. United States*, 358

F.3d 424, 427 (6th Cir. 2004). For Schuett, that date was 14 days after December 19, 2012, or January 2, 2013; thus, to be timely, his motion to vacate had to be filed by January 2, 2014. But Schuett's motion was not filed until May 20, 2014, more than 5 months late. (R. 47: Motion To Vacate).

Schuett does not argue that he meets any of the exceptions or to the limitations period or that any tolling provision applied. Presumably, he relies on the fact that he ended the pleading with a declaration under penalty of perjury that he placed the document in the prison mailing system on December 30, 2013—3 days before the limitations period expired. (R. 47: Motion To Vacate, PgID 314). In *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999), the Sixth Circuit held that a prisoner petition signed under penalty of perjury that stated it was delivered to the prison mailroom the day before the limitations period expired was timely filed. In this case, however, there are no marks on the envelope or elsewhere verifying that the pleading was placed in the federal correctional center's legal mail system, nor are there any marks made by the U.S. Postal Service indicating that the mail was lost, misdirected, or delayed. There is simply no explanation how it could

have taken more than five months for the envelope to make its way from West Virginia to Michigan.

### III. Schuett is not entitled to any relief under *Descamps*.

Schuett's reliance on *Descamps v. United States* to support his argument that he should not have been sentenced as an armed career criminal is misplaced. *Descamps* involved a California burglary statute that did not require breaking and entering, and that could be violated by shoplifting during normal business hours. 133 S.Ct. 2276, 2282 (2013). Thus, it was neither generic burglary, as described in *Taylor*, or otherwise a crime of violence. *Id.* at 2285. *Descamps* held that the modified categorical approach—which permits district courts to look to certain documents to determine what a defendant was convicted of— could not be applied to the California statute because the approach applies "only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not." *Id.* at 2286. The California statute left no uncertainty about what elements the defendant had been convicted of: "We know Descamps' crime of conviction, and it does not

8

correspond to the relevant generic offense. Under our prior decisions, the inquiry is over." *Id. Descamps* simply has no application to this case.

Schuett also complains that his prior conviction for fleeing from a police officer, 3rd degree, was not a crime of violence. But Sixth Circuit law is solidly to the contrary. *United States v. LaCasse*, 567 F.3d 763, 764 (6th Cir. 2009). *See also United States v. Stephens*, 393 F. App'x 340, 342 (6th Cir. 2010) (3rd degree fleeing and eluding is a crime of violence under USSG § 4B1.1(a)).

### IV. Schuett had no right to have a jury determine whether he was subject to sentencing as an armed career criminal.

Finally, Schuett argues that *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013), must be applied retroactively to his case and that it means he was entitled to have a jury determine whether he was subject to a mandatory minimum sentence as an armed career criminal. Schuett is wrong in every way. First, *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, ___ F.3d ___, 2014 WL 2853722 (6th Cir. Jun. 24, 2014). Second, even if *Alleyne* were retroactive, it would not help Schuett because he admitted at a plea hearing that he had three prior convictions for crimes of violence. And, third, *Alleyne* explicitly did not overrule *Almendarez-Torres v. United*

9

*States*, 523 U.S. 224 (1998), which held that prior convictions may constitutionally be treated as sentencing factors (that is, found by a preponderance of the evidence), rather than as elements of the offense. *Alleyne*, 133 S. Ct. at 2160 n.1 (noting and declining to revisit the *Almendarez-Torres* exception to *Apprendi* rule). The Sixth Circuit recently acknowledged that *Alleyne* "itself recognizes that federal courts treat the fact of prior convictions differently than other facts that might trigger a change in a defendant's minimum or maximum sentence." *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) (holding that *Almendarez-Torres* "remains good law and we must follow it until the Supreme Court expressly overrules it") (citing *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013)).

For these reasons, defendant's section 2255 motion should be denied.

> Respectfully submitted,
>
> Barbara L. McQuade
> United States Attorney
>
> */s/ Patricia Gaedeke*
> Assistant U.S. Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, Michigan 48226
> Phone: 313-226-9516
> Patricia.Gaedeke@usdoj.gov

Dated:  August 12, 2014

## Certificate of Service

I certify that on August 12, 2014, I electronically filed the Government's Response and Brief in Opposition to Defendant's Motion to Vacate with the Clerk of the United States District Court, Eastern District of Michigan using the ECF system which will notify:

> Eric J. Allen
> eric@eallenlaw.com

> */s/ Patricia Gaedeke*
> Assistant U.S. Attorney